# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Commonwealth of Virginia

v.

Brian K. Guthrie

June 23, 1995

Case No. CL95-132

BY JUDGE WILLIAM H. LEDBETTER, JR.

The predicate offenses for this habitual offender proceeding are: (1) a 1991 conviction for driving on a suspended license, (2) a 1994 conviction for driving under the influence, and (3) a 1995 conviction for driving on a suspended license. The 1991 conviction arose from a suspension for failure to pay fines and costs.

At the hearing on June 21, 1995, Guthrie presented evidence that he had paid his fines and costs; and, in fact, after the 1991 conviction, his license had been restored to him by DMV.

Virginia Code § 46.2-355 provides that the court shall dismiss an habitual offender information if it finds that the person "has qualifying [i.e., predicate] offenses based solely upon convictions . . . resulting from a suspension or revocation . . . for failure to [pay] any fines and costs . . . and has paid in full all outstanding fines, costs and judgments . . . relating to such convictions . . . ."

Guthrie contends that this portion of the statute applies to his 1991 conviction, and therefore, he argues, the 1991 conviction should not be considered in this proceeding. If the 1991 conviction is not considered, he continues, he cannot be adjudged an habitual offender because there are only two other predicate offenses.

The argument has appeal but, in the court's opinion, is not a correct interpretation of the statute and is contrary to the legislature's intent. Section 45.2-355(iii) authorizes the court to dismiss the information if the "qualifying offenses [are] based *solely* upon convictions" resulting from a suspension or revocation for failure to pay fines and costs. (Emphasis

added.) This means that *all* qualifying or predicate offenses must be of that type in order to warrant a dismissal. To extend the statute by inference so that *any* conviction based upon a § 46.2-395 suspension is ignored (if fines and costs have been paid) in an habitual offender proceeding would invade the province of the legislature. To the contrary, the court is of the opinion that the provision must be construed so that if there exists *any* predicate offense that did not result from a suspension for failure to pay fines and costs, the qualifying offenses are not based "solely" upon § 46.2-395 suspensions, and the aforesaid statutory provision does not apply.

Accordingly, the court is required by § 46.2-355 to declare Guthrie an habitual offender.